We'll proceed now to hear argument in the next case on calendar argument this morning, which is 24-6575 and 24-6914 Kelly Salazar v. Driver Provider Phoenix, LLC. Okay. Okay.  All right, we're ready to proceed. We'll hear first from Mr. Lakai. You may proceed. Good morning, Your Honors, and may it please the Court, Michael Licata on behalf of the Plaintiffs' Appellants. I'd like to reserve four minutes of time for rebuttal, if I may. Plaintiffs' Appeal asks the Court to clarify several important issues that will have wide-ranging impacts for employees, employers, and litigants across the circuit. I'm prepared to address each of the issues, which include the preemption issue, the Rule 16 issue, the class certification order, and the civil penalties question. But if the Court prefers I start with a particular issue or a particular question, I'd be happy to start there. Otherwise, I'll proceed on the preemption question. Well, since you're inviting us, Counsel, you argue that the FLSA does not preempt Arizona wage loss because the AWA borrows the FLSA standard. But doesn't that effectively give plaintiffs sort of two bites at the apple here? No, Your Honor. We think that the AWA overtime claim fits squarely within the savings clause under Section 218 of the FLSA. And we think there's really two cases that control the question here. Those are Wang v. Chinese Daily News and Busk v. Integrity Stopping Solutions. But Wang was vacated by the Supreme Court, wasn't it? It was vacated on other grounds. It was not binding. I mean, we could find it persuasive, but it's not binding. That's correct, Your Honor. And as we've put in our briefs, there have been several district courts. I think we've cited five or six that have all lined up behind Wang, not because it's presidential, but because its reasoning is very persuasive. So we could rely on the reasoning that was not vacated? That's correct, Your Honor. And also, Wang clarifies Williamson. This Court's ruling on Williamson, which remains binding precedent. In Wang, the Court made clear that the FLSA does not provide exclusive remedies for state law claims that are, quote, duplicated by or equivalent of rights covered by the FLSA. There, the Court held that a violation… My problem with Williamson is that it's got this confusing language in it that says, quote, claims that are directly covered by the FLSA, such as overtime and retaliation disputes, must be brought under FLSA. What do we do with that? That's a great question, Your Honor. In Wang, the Court addressed that very issue and described that statement as dicta in Williamson and described the fact that in Williamson, the Court actually rejected the district court's assumption that the FLSA provided exclusive remedies. And the Court explained that that finding would amount to, in effect, field preemption, which does not exist under the FLSA, given the savings clause. Given… But there's also language in Williamson suggests that if you're trying to use state law to expand on the FSLA's remedies or get more than the FSLA would, that that might be an issue. That doesn't seem to be dicta. It seems part of the analysis that frames the holding of the case. Doesn't that… Isn't that a problem for you here? I don't think that's a problem, Your Honor, because in this case, our claims are brought under state law. We are seeking state law remedies for a violation of state law. And the savings clause is… But you're using the state law. I mean, the state law is a law about the timing of payments. And you're using the fact that it has rule about the timing of overtime payments to now use it as a vehicle to test the substantive scope of the FSLA on overtime. Is the Arizona cause of action really meant to do that? Again, Your Honor, our argument, our position is that the claims fit squarely within the state law claim. The state of Arizona has an interest in ensuring that employers timely pay their employees for all work. So if there were an argument, again, the defendants tried to raise an argument. Does Arizona law create the entitlement to overtime pay, or does that originate in the FSLA? The entitlement here originates under the FOSA, the obligation to pay overtime under the FOSA. The Arizona state statute requires employers to pay all wages due without limitation on where that obligation originates. And it actually expressly mentions overtime in Section 351 of the Arizona Wage Act. Counsel, would we even have to reach this issue if we determined that this defense was waived? You would not have to reach this issue. This issue can be resolved on Rule 16 grounds. But given the split in the district… Could this preemption issue have been raised in a 12B6 prior to the filing of an answer? Could it have? Yes, I believe it could have. Well, then why couldn't it be raised in a 12C motion for judgment on the pleadings, even though the issue wasn't in the answer? Our position is that after the deadline to amend the pleadings, the defendant has to meet the Rule 15 and Rule 16 requirements. And so you agree that the footnote in the motion for judgment on the pleadings could have been construed as a motion to amend? Under Rule 16? Because I give you that it was after the deadline had passed to amend the pleadings. So the scheduling order, there was no motion to modify the scheduling order. So, you know, what analysis do you believe the district court should have used, if any analysis, given what was presented? If the footnote was sufficient to raise this request… Are you conceding? No, we're not conceding that that's sufficient. And I believe we cited case law making that very clear, that a footnote that does not address the merits of the diligence requirement cannot be a basis of raising that, you know, a motion is required. Okay, so you're saying, but if we were to construe, if we were to reject the argument that it's insufficient, this is just a straightforward waiver issue, and we said, okay, that footnote can be construed as a motion to amend, then I think you were about to argue, what standard? Yes, the standard would be under 16b-4. The district court was required to look to the diligence of the defendants before addressing the merits of their preemption argument. Was there any discussion of good cause? I don't believe so. To this day, I don't believe we've gotten an explanation for why the defendants waited 17 months past the… If this is a defect that's present on the face of the pleadings and that could have been raised in a 12b-6 motion, why can't it be raised, and Owens suggests it can be raised, in a motion for judgment on the pleadings, even if it is not contained in the answer? Your Honor, I would disagree on a couple points. Owens did not address Rule 16, and in Owens, both the district court and the court of appeals undertook a Rule 15 analysis. Rule 15 looks to prejudice, among other issues. Why didn't Owens look at the Rule 16 issue? Owens did not look at Rule 16 because they filed a motion to amend, and they did so prior to the deadline to amend. So factually, in Owens, there had not been a lapse of the deadline in the scheduling order to amend? That's correct, Your Honor. And the statements in the cases that talk about the ability to raise a defense in a motion for judgment on the pleadings do not eliminate the requirement to plead that defense. We've cited substantial authority from the Ninth Circuit that states that federal preemption is an affirmative defense that must be pleaded and is subject to waiver. In this case, it was not pleaded. The district court's only real conflict finding in this case was that Rule 23, that permitting the plaintiffs to proceed under Rule 23 would undermine the FLSA's opt-in mechanism. But that argument is directly addressed by the Ninth Circuit in Busk v. Integrity Staffing. We briefed that case at the district court. It was not addressed. We briefed it again here. The defendants have not addressed it again. Can I turn your attention a little bit to the commonality issue?  And the district court there found that the class members had different reasonable expectations, I think was the language used, of pay for pre- and post-trip duties. Why should those understandings not defeat the Rule 13 commonality requirement? Good question, Your Honor. Our position is that the court erred in applying a subjective test. The Arizona Supreme Court has made clear that an objective standard applies to reasonable expectations in the context of contracts. And the same court in Aronson v. Walmart applied the objective standard citing the Arizona Supreme Court decision in Walker v. Auto Owners Insurance Company. So given that an objective standard applies, in this case, all the drivers worked under the same compensation structure, performed the same work duties pursuant to the exact same directives, and the defendants in this case agree that the employees should be paid for this work. So the dispositive question is whether the so-called commission payments already paid the drivers for that work time or whether they did not. And the background fact here that I think is important for the court... Well, if they don't, then how would the pay be determined? That's really a damages question, Your Honor. No, but it goes something... As I understand it, their claim is that all of the compensation is governed by this commission plan. And everyone agrees that the commission plan doesn't specifically cover this by terms. And so what... Is there something else that creates the expectation to be paid for that that's outside the plan? Yes, Your Honor. Our position is that when the defendants, their employer, directed them to perform the work, that constitutes an implied contract that they will be paid for that work. Well, if the implied contract with one driver could be different from the implied contract with another depending on the circumstances under which they were retained, I think that was part of what the district court was concerned about. Right. And in this instance, all of the drivers are subject to the same directives. The defendants agree they're all subject to the same compensation plan. They're performing the exact same work. So the material parameters, work conditions are the same across the board. Instead of applying that objective standard, which the court did in Aronson, the district court here looked to IALA v. U.S. Express Enterprises. But IALA involved a contract that expressly stated the piece rate covered all hours worked and referenced the pre- and post-trip work duties. And I would direct the court's attention to footnote 7 of the district court decision in that case. There, the court addressed the period of time in which the employment contract did not address the work duties. And it found a tribal issue of fact, class-wide issue of fact, on whether or not the piece rate covered the additional duties. And that is exactly the case here. I'd like to reserve the remainder of my time unless the court has another question. All right. Thank you, counsel. Thank you. We will hear next from Ms. Miller. Good morning, Your Honors. May it please the court, Tracy Miller on behalf of the defendants and the appellees. With me here today is James Alexandra Ditillo, my colleague. Under plaintiff's theory, if an employee establishes an FLSA violation, that employee would automatically have a state law claim. Counsel, why don't you waive this? Why isn't it waived? Okay. Let's get to the point. Absolutely. Owens clearly states that a party can bring up an affirmative defense for the first time on a motion for judgment on the pleadings. There is no qualification in Owens that's reading. Wouldn't that broad reading of Owens essentially be an exception that swallows the rule? I mean, as your friend on the other side noted, Owens arose in a context quite different than this one where the deadline hadn't passed. So the absence of analysis with respect to the Rule 16 factors obviously wouldn't exist in Owens because it wasn't similar to the facts here. But now your reading of Owens so broadly would erase the requirements and the Rule 16 analysis that would typically be done. How do you square that? Rule 16, the purpose of Rule 16, for the most part, is to allow a district court to control its docket. And the district court can determine whether... Let me ask you this question more directly so I can get an answer from you. Do you believe that your reading of Owens would be an exception so broad as to swallow the rule? I do not, and I'll give you an example as to where I think that line is. Because Owens says that it's when it's a motion for judgment on the pleadings. And even the case law they cite says when an affirmative defense is accepted in a motion for judgment on the pleadings, it serves to, in a practical sense, amend the answer. I don't mean you, but your client filed a motion to amend the pleadings to add the motor carrier exemption defense.  Through a request to modify the scheduling order and for leave to amend the answer. Am I right? Correct. Okay. And the district court denied that request. And it, in fact, went through an analysis that said this request wasn't made diligently. There's no reason for the delay. And it rejected your request to do that. And then the next thing you did is you filed a motion for judgment on the pleadings, adding this other preemption defense through a footnote. So if this is a perfect example of how when you do it the way that you're supposed to do it and ask the court for leave, and you were denied that request in one instance, then you went and did it this other way. What's the meaningful distinction there? Why would you have brought your other request through a motion for judgment on the pleadings? Because the other one was not appropriate for a motion for judgment on the pleadings. I think that's where the distinction is. And I think it shows in connection with the Eighth Circuit case. According to your position, the Owens exception would only apply to defects in the pleadings. And any issue that calls on any facts or discovery of any kind outside the pleadings, the Owens rule won't save you, and you're going to have to go through the Rule 16 standard to amend. Is that your position? I actually think it applies. Owens says it applies to motion for judgment on the pleadings and motions for general judgment. Motion for judgment on the pleadings can't go outside the pleadings. Correct. You can't look at other evidence. And so anything, any affirmative defense that was omitted from the answer that in any way needs facts to establish it is off the table in the Owens exception. It's just pleading defects. Is that correct? Correct. The only things that could have been raised on a 12B6 were that just within the four corners of the pleadings. And so it isn't driving a truck through Rule 16 then. It is not. And I think the distinction shows with the idea that there can't be any prejudice if it's simply a pleading error and it's just a matter of law. Let me ask you. I'm sorry. Go ahead. I was going to shift to the merits. Stay here for just one second. And what part of the court's analysis was there a good cause analysis there or was it not required? So it was not required. So the court did not require. We did not believe. We believed we could raise. We do believe that we can raise the affirmative defense in a motion for judgment of pleadings. So we didn't argue to amend. I mean, the footnote, I know. But we really didn't argue to amend it. And then we didn't show good cause and the court didn't ask to show good cause and wasn't required to show that standard. Why isn't that an error? Because the court has the control under Rule 16 to determine whether or not that's something it wants to require. Can you point me to a case that provides the analysis that I think you agreed to just now? That is that Owens is limited in this way when there are defenses that are brought to the defects in the pleading versus something outside of the pleadings. Where can I look for authority on that? I don't think it's been addressed one way or the other. I do know that the times that the cases relied on by plaintiffs were different in that regard. Well, Idaho decided, as a district court can, that they were going to require the Rule 16 good faith standard. They did that. The Sherman Court, the Eighth Circuit, that was a different case because they were at trial. So it wasn't a matter of a defect in the pleadings. It was actually they had moved to amend the answer during trial on a motion for a directed verdict. So that shows the distinction. But if you're asking me for a case that says it, I don't. It hasn't been looked at to my knowledge. So turning to the merits, the Arizona statute on its face mentions overtime pay and includes it within the scope of the timing rules that it establishes. Why doesn't that then just tack a state law cause of action on top of a federal law cause of action or a federal element and thereby allow state law to have state remedies? So looking first at that, we have two arguments for that. But looking at the preemption argument, the savings clause is much narrower than it's been described. The savings clause says you can have a minimum wage that's higher. You can have a work week that's lower. Or you could have additional child labor laws. So the savings clause does not, like minimum wage, specifically authorize a state to do this. So, therefore, we should look at the conflict. And even if the savings clause doesn't apply, that doesn't mean it's preempted. You still have to affirmatively establish that savings would take it out of preemption. Correct. It doesn't otherwise apply. But I understood you to argue that the statute didn't apply as a matter of Arizona law and that it was preempted. And my point is I don't see how it doesn't apply as a matter of Arizona law because it says overtime and will incorporate the FSLA obligations. And then, you know, I don't understand why they can't have that remedy. It's not inconsistent with the FSLA, is it? Okay. So with regard to the – there's two issues. So looking then, I think, which I think you're getting at, is whether the state even created a law for overtime to recover federal law overtime under a state law remedy. And there's no – if you look at Roberts, which is when the Arizona Supreme Court looked at the issue of the state overtime law for public employers, in that case, they specifically have an – they incorporate federal law. And so you look at essentially the FLSA's exemptions and incorporate that in. And when Roberts looked at that – so the defendants said, well, then incorporate all of the FLSA and give us the Portal to Portal Act. And the Roberts court looked at it and said, no, that small phrase, trying to incorporate a little bit of federal law, does not bring in all of the FLSA. So it just – that that was – that they can't – that it wasn't enough to do that. And it rejects that as an interpretation of – required an overtime payment. And then it wasn't made. Couldn't the Arizona statute be invoked to get it because the money was due and it wasn't paid by the date and timing specified? Couldn't it be used then? So if it's a matter of contract law, if it was contractually owed, then the answer is yes. Because the Arizona wage statute is meant to help enforce contractual rights. It's not meant to provide an additional remedy for a purely federal right. Plaintiffs agree there is no substantive right to overtime under state law. And so, yes – And yet state law mentions overtime and says it has to be paid not later than 16 days, et cetera. There's one word, overtime, and that doesn't incorporate all of the FLSA. And what I – what it meant was either that it's contractually owed, which would be the case most of the time, or it is owed under the – for public employers. Because this statute is also to enforce overtime for public employers. Under state law, they are entitled to overtime. So you're saying even if it's absolutely crystal clear and everyone agrees that the FSLA applies and requires overtime, if that wasn't specifically said in the contract, then even though the overtime is due and isn't paid within the time specified in the Arizona statute, the Arizona statute still provides no cause of action to recover that money? If it's contractually owed, if they agree it's contractually owed, if it's not a misclassification case – because here it was a misclassification case, so of course it was paid late because it wasn't – the defendant's position was it wasn't owed at all. But if it's contractually owed, then yes, you would have an Arizona claim. Because the Arizona wage statute is to enforce contractual rights. It's not to enforce the FLSA. There's no intent. If the Arizona legislature wanted to enforce it, have an FLSA state overtime statute, it knew how to do that. It has a minimum wage. Can I turn your attention a little bit to the commonality issue? If all the chauffeurs were subject to the same commission plan, the defendants admit that the pre- and post-trip duties are compensable work, why isn't the common question simply whether the commission plan covers the work? Why isn't that – why do we need to get into this subjective expectation? Because the statute is that it's a wage claim. This one actually falls under the AWA, and it's reasonable expectation. So expectation is the subjective element. It's essentially a contract. Did the parties expect it? And the evidence here was that the plaintiffs had different expectations. Some of them said, yes, I expected to be paid on an hourly basis for this work. Others said, no, I knew I was being paid a commission. But isn't the big question whether it's compensable, isn't that – that would be the commonality issue? No, because the – we agreed it was compensable time for the most part. But just because something's compensable time doesn't mean that it needs to be paid on an hourly basis. You can pay it as a commission. So if the commission was meant to include that time, they don't get an extra amount on an hourly basis. Why doesn't that go to damages, as I think your friend on the other side argued? So if you agree that pre- and post-trip work is compensable, which I think you do for the most part, and you agree that all the employees were paid under a commission plan, you agree with that. So why doesn't sort of the specific payment differences go to just a damages calculation? Because it's whether a claim exists at all. So it's not – if the reasonable expectation of the employee was commissions cover this work, then they don't even have a claim. So that would be the factual determination that would have to be determined on a person-by-person basis, which would make it inappropriate for a class certification, which is what the court found. I have another question for you about your cross-appeal. I am trying to figure out how a ruling from this panel wouldn't be an advisory opinion, given that the claims that are the subject of your cross-appeal were settled. So it's a – there are cross-appeals and the alternative. If you rule in defendant's favor, then the cross-appeal gets thrown out. But if you're going to rule and say, yes, there is a state law claim for FLSA violations, then we want to be able to argue those FLSA defenses. How could you do that? The claims have been – we lack jurisdiction to decide claims that are no longer in the case. They've been settled, and even if you're arguing it as an alternative, I'm not understanding how that's properly before us. So they would come back – so those arguments would come back into the case because if you allow state law to bring in the federal law, then presumably, maybe, you're bringing in all of those exemptions to the federal law. How do we do that? Osmosis? I mean, how is that happening? So players actually agree that we would have the opportunity, if we have to defend a state law cause of action that's based on the FLSA, then they have to show the underlying FLSA violation in front of a jury, and we'd have those defenses. The arguments that you're trying to raise in the cross-appeal, are they in any sense alternative arguments to sustain the judgment you currently have? No, they are not. They are not. Why not? Because we have settled those FLSA cases, those claims. No, no, no. The judgment on the Arizona law claim. If the theory is that the Arizona law claim, which has an overtime rule in it, carries within it the overtime rules of the FSLA, so that they are now embedded federal elements in a larger Arizona cause of action, are the arguments you're making about the scope of federal law, are those embedded within the Arizona cause of action, such that they would be alternative grounds for sustaining the dismissal of the Arizona action? Possibly. Honestly, I hadn't thought of that, but possibly. My point is, if you're right on the issues in the cross-appeal, would that eliminate the overtime payment obligation completely? Yes. And that would defeat the Arizona cause of action completely. Yes, Your Honor. Which you did not argue. I mean, you raised the issues. And in that sense, it's technically not a proper cross-appeal, because a cross-appeal is when you're changing something in the judgment. And in fact, it really is just an alternative way of sustaining the same judgment. Exactly. And the court can affirm on any grounds, right, for any reason. So that could be a reason, even though I didn't argue it. So, thank you. All right. Thank you, counsel. All right. We'll hear from both. Thank you, Your Honors. I just had a couple of brief points. On the Rule 16 question, Rule 16 carries the force of law. This court, the district court, was required to apply Rule 16b-4. As stated by the Eighth Circuit in the Sherman case, failure to apply Rule 16b-4 after a deadline to amend the pleadings would render scheduling orders meaningless and effectively read Rule 16b and its good cause requirement out of the Federal Rules of Civil Procedure. But isn't the rule that you can raise failure to state a claim at any time? I'm not sure about that. Sorry, I can't answer that question. And you've already conceded that this is a 12b-6 issue, so it still is subsumed within failure to state a claim, and so it would seem that it can be raised at any time. Well, in this case, as I mentioned before, there's substantial Ninth Circuit precedent stating that Federal preemption must be pleaded and is a waivable defense. And, Counsel, I think I understood your response earlier to say that this could have been raised in a 12b-6, but not that you're conceding this is a 12b-6 issue. And, I mean, this could have been brought up in a 12b-6. It would have come at a time before the scheduling order had expired and the time to amend the pleadings had expired. That's correct. That's correct. And, you know, litigants are entitled to rely on the deadline set by the court. Under defendant's theory, their suggestion is that they can wait years into a case and not just file a motion for judgment on the pleadings, but file a summary judgment motion. And the rule should apply to a defendant's case. Well, that would be very different because then you have to go to facts outside the pleading, and Owens wouldn't apply because it only talks about motions for judgment on the pleadings. But a defect on the pleadings, your position is that even though it's a defect on the face of the complaint, could have been raised in a 12b-6, if you didn't put the affirmative defense in the answer, you can't do it. Even though no facts outside the complaint are needed. Our position is that the court was required to apply Rule 16b-4. I would just like to mention the merits question as to whether or not the overtime is covered under Arizona law was not argued below. It was struck by the district court in the reply brief on the motion for judgment on the pleadings. This court does not need to reach that, but as your Honor suggested, it's plainly within the Arizona state statute. And the question is, if preemption does not apply, the district court was required to apply a proper conflict preemption analysis, and I did not hear an argument as to those issues on how the state statute conflicts with the purpose of the FLSA. And this court has said that... But the issue is the one that I raised before in Williamson, that Williamson suggests that trying to expand on the carefully reticulated remedial regime of the FSLA and using state law to do that presents an issue. And that's why Williamson has the comment that, you know, There were several conflicting statements in Williamson that this court then clarified in Wang. In both Williamson and Wang, they were very clear about the purpose. The purpose is to protect employees, not to protect employers. And the statute here is entirely consistent with and furthers the purpose of the FLSA. So with that, it looks like my time's up. All right. Thank you, counsel. We thank counsel on both sides for their arguments in this case. And the case just argued will be submitted.
judges: COLLINS, MENDOZA, DESAI